Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. AUSTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, SAN FRANCISCO SUPERIOR COURT, et al.,<br><br>　　　　Defendants. | Case No. 20–cv–00900–CRB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Gregory Austin seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of a domestic violence protective order which prevents him from engaging in certain activities, including communicating with or being within 100 yards of his former spouse and son ("Protected Parties"). 28 U.S.C. § 2254 Rule 4 requires district courts to conduct a preliminary review of a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Such dismissal is warranted if it is "patently apparent" that the court does not have subject matter jurisdiction. Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003). For a district court to have subject-matter jurisdiction over a habeas petition, the petitioner must be "in custody pursuant to the judgment of a State court." See 28 U.S.C. § 2254(a). Because Austin's petition does not allege his physical liberty is sufficiently constrained to render him in custody, this Court does not have subject-matter jurisdiction and therefore must summarily dismiss the Complaint pursuant to 28 U.S.C. § 2254 Rule 4.

## I. BACKGROUND

On February 3, 2020, Austin filed this pro se action for a federal writ of habeas corpus. Compl. (dkt. 1). He seeks to end his restraint under a protective order issued by the Superior Court of California in 2013 during his divorce and extended in 2016 for a further five years. Id. at 1, 3. Under the order, Austin is prevented from communicating with or being within 100 yards of the Protected Parties, going within 100 yards of his previous residence, and possessing firearms or firearm accessories. Id. at 6.

## II. LEGAL STANDARD

A court may entertain a petition for a writ of habeas corpus only "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If a petitioner is not "in custody" within the meaning of the statute, the court does not have subject-matter jurisdiction to consider the petition. See Maleng v. Cook, 490 U.S. 488, 490 (1989).

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A court must conduct a preliminary review of a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." 28 U.S.C. § 2254 Rule 4; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ."). A court can exercise this power "when it is patently apparent that the court lacks jurisdiction to grant the relief demanded." Cephas, 328 F.3d at 103.

## III. DISCUSSION

This Order first considers whether Austin is in custody within the meaning of 28 U.S.C. § 2254 and concludes that he is not. Therefore, this Court must dismiss the Complaint pursuant to § 2254 Rule 4. It then analyzes whether, even if Austin were in custody, the Complaint would be

2

barred by the applicable statute of limitations and concludes that it would be. However, because Austin could plead facts that would cure these deficiencies if given leave to amend, the Complaint is dismissed without prejudice.

### A.   Federal Habeas Corpus Custody Requirement

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty" and limit it to "cases of special urgency[.]" Hensley v. Municipal Court, San Jose-Milpitas Judicial Dist., Santa Clara County, 411 U.S. 345, 351 (1973). While the habeas petitioner must be in custody at the time of petition, the meaning of "in custody" under § 2254 is not limited to physical confinement. Maleng, 490 U.S. at 490–91. A petitioner on parole, for example, is still sufficiently in custody. Id. at 491. Additionally, the restraint need not result from a criminal conviction; civil court orders can render an individual in custody. Duncan v. Walker, 533 U.S. 167, 176 (2001). The key question is "whether the legal disability in question somehow limits the putative habeas petitioner's movement." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).

Austin argues that his restraint under the protection order offends the First through Tenth and Fourteenth Amendments. See Compl. at 4, 6–7. Most of these allegations are irrelevant to determining whether Austin is in custody. For example, firearm restrictions do temporarily prohibit Austin from exercising his Second Amendment rights, but they do not place him in custody under the federal habeas statutes because they are "neither severe nor immediate" restraints on his liberty. See Harvey v. South Dakota, 526 F.2d 840, 841 (8th Cir. 1975) (quoting Hensley, 411 U.S. at 351); see also Rouse v. Chen, No. C 02–01272 VRW(PR), 2002 WL 826835, at *1 (N.D. Cal. Apr. 19, 2002) (holding that firearm restrictions imposed by a restraining order were not significant restraints on petitioner's physical liberty). Such "collateral consequences" of a court order "are not themselves sufficient to render an individual in custody for the purposes of a habeas attack upon it." See Maleng, 490 U.S. at 491–92 (identifying the specific consequences of a petitioner's "inability to vote, engage in certain businesses, hold public office, or serve as a juror" as insufficient); see also Williamson, 151 F.3d at 1183–84 (holding that sex offender

registration was also insufficient because it did not impose "a significant restraint on [petitioner's] physical liberty.").

The relevant restrictions here are those that restrain Austin's physical liberty; namely, the prohibitions on going within 100 yards of the Protected Parties or his previous residence. See Compl. at 6. Three other courts in this District have held that similar protective orders do not impose the magnitude of restraint necessary for habeas jurisdiction. See Rouse v. Plummer, No. C 04–0276 JF (PR), 2006 WL 3507945, at *5 (N.D. Cal. Dec. 1, 2006); Chen, 2002 WL 826835, at *1; Jones v. McKibben, No. C 93–4536 FMS, 1994 WL 62105, at *1 (N.D. Cal. Feb. 8, 1994). At least four other courts have agreed. See Westhoff v. Moran, No. 09–501, 2009 WL 1362630, at *2 (E.D. Pa. Mar. 30, 2009); Contino v. O'Mara, No. 09–cv–062–SM, 2009 WL 1035275, at *4 (D.N.H. Apr. 16, 2009); McCreary v. Birkett, No. 2:06–CV–11195, 2006 WL 3257223, at *3 (E.D. Mich. Nov. 9, 2006); Strout v. State of Maine, No. Civ. 04–40–P–S, 2004 WL 1571768, at *3 (D. Me. July 13, 2004).

Contino is illustrative for this case. See 2009 WL 1035275, at *4. There, the court found that although the petitioner was "under certain restrictions on his freedom of movement not experienced by the public generally, imposed by a civil restraining order," the petitioner's liberty was not sufficiently restrained to render him in custody. Id. The terms of the Contino restraining order were substantially similar to Austin's; they included prohibitions on:

(a) Contact with the protected party unless specifically authorized by the court,

(b) Going within 100 yards of the protected party,

(c) Possession of a firearm or ammunition, and

(d) Using alcohol, narcotic drugs, or other controlled substances.

See Contino Compl. Attach. 4 at 6–8, Contino v. O'Mara, No. 09–cv–062–SM, 2009 WL 1035275 (D.N.H. Apr. 16, 2009). The Court agrees with Contino's conclusion that these restrictions do not represent a significant enough constraint on Austin's freedom of movement to establish habeas jurisdiction.

Because Austin has not shown that the protective order sufficiently constrains his physical liberty, he is not "in custody pursuant to the judgment of a State court" as required by 28 U.S.C.

§ 2254(a).  See Williamson, 151 F.3d at 1183–84.  Therefore, this Court does not have subject-matter jurisdiction to consider the petition and must dismiss the Complaint pursuant to 28 U.S.C. § 2254 Rule 4.

### B. Federal Habeas Corpus Statute of Limitations

Even assuming arguendo that Austin is in custody, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  This limitations period begins to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)–(D).

Austin asserts that the Superior Court extended the protection order on September 20, 2016.  Compl. at 1.  He does not assert that he sought any direct review of the order.  The time for seeking such review is sixty days from service if the restrained party is properly served with the order, or 180 days from entry of judgment without such service.  Cal. R. Ct. 8.104(a)(1).  Austin's filing of this Complaint on February 3, 2020 is well beyond one year from either window.

Austin does not assert the State impeded him from filing this petition.  Additionally, the rights Austin asserts the protection order infringes are those guaranteed by the First through Tenth and Fourteenth Amendments.  See Compl. at 4, 6–7.  These are manifestly not "newly recognized" rights under 28 U.S.C. § 2244(d)(1)(C).

Austin also does not assert that the factual predicates for any of his allegations only became known to him in the year prior to February 3, 2020, as 28 U.S.C. § 2244(d)(1)(D) would require.  Importantly, accrual under this Section begins "when the [petitioner] knows (or through

5

due diligence could discover) the important facts, not when the [petitioner] recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Austin does not appear to assert any facts he would not have had actual knowledge of by September 20, 2016 at the latest, which is the date the Superior Court extended the protection order. See Compl. at 1.

Because the starting date for the period of limitations is more than one year prior to the date Austin filed his Complaint based on the facts pled, this petition would be barred by 28 U.S.C. § 2244 even if Austin were in custody.

### C.   Leave to Amend

"[A] court should freely give leave [to amend a pleading] when justice so requires." See Fed. R. Civ. P. 15(a)(2). Nevertheless, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A court should deny leave to amend as futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim . . . ." Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018) (citation omitted).

It is not impossible that Austin could plead facts demonstrating he is in custody for purposes of habeas jurisdiction. For example, the Ninth Circuit has held that a court order requiring an individual's physical presence in a specific location can satisfy the federal habeas custody requirement. Dow v. Circuit Court of First Circuit, 995 F.2d 922, 922–23 (9th Cir. 1993) (holding that an individual was in custody based on a sentence that required attendance at an alcohol rehabilitation program for fourteen hours). Austin has not pled that the protective order requires his ongoing attendance in any similar program, but if it does, that requirement might suffice to render him in custody pursuant to Dow.[1] See id.

---

[1] However, any past requirement that Austin appear in a specific location, now expired or fulfilled, would not be relevant. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for

6

Similarly, it is theoretically possible that a State impediment to Austin filing his Complaint was only removed, or that he exercised due diligence but only discovered the factual predicate of one or more claims, within the preceding year. Either circumstance could render his Complaint timely under 28 U.S.C. § 2244.

Because a possible set of facts exists which could both render Austin currently in custody and his Complaint timely, leave to amend is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Complaint is dismissed with leave to amend within 45 days.

The Court recommends that Austin consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, California. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, California. Appointments can be made by calling (415) 782-8982 or by emailing the appointment line at fedpro@sfbar.org. Telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: July 17, 2020

CHARLES R. BREYER
United States District Judge

---

habeas corpus is filed.").

7