IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, SAN FRANCISCO SUPERIOR COURT, et al.,<br><br>    Defendants. | Case No. 20-cv-00900-CRB<br><br>**ORDER DISMISSING PETITION WITH PREJUDICE** |

Petitioner Gregory Austin seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of a domestic violence protective order which prevents him from engaging in certain activities, including communicating with or being within 100 yards of his former spouse and son ("Protected Parties"). 28 U.S.C. § 2254 Rule 4 requires district courts to conduct a preliminary review of a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Such dismissal is warranted if it is "patently apparent" that the court does not have subject matter jurisdiction. Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003). For a district court to have subject-matter jurisdiction over a habeas petition, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

The Court previously dismissed Austin's petition with leave to amend because Austin's petition did not allege that his physical liberty was sufficiently constrained to render him in custody, which meant the Court lacked subject matter jurisdiction. See Order Dismissing Petition (dkt. 22) at 1. The Court also pointed out that Austin's petition was untimely under 28 U.S.C. § 2244(d)(1). Id. at 6. On August 27, 2020, Austin filed a "Notice of Amendments" comprising a

letter to the Court containing additional facts about Austin's case and arguments regarding the Court's jurisdiction to entertain Austin's petition. See Notice of Amendments (dkt. 31). This filing contains nothing that affects the Court's conclusions regarding its jurisdiction.[1] The Court thus incorporates its reasoning from its previous order dismissing Austin's petition with leave to amend. But because Austin has now had the opportunity to amend his petition, the Court hereby dismisses his petition with prejudice. See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

**IT IS SO ORDERED.**

Dated: January 6, 2021



CHARLES R. BREYER
United States District Judge

---

[1] To the extent that Austin attempts to incorporate other claims in his petition, including a "false imprisonment" or other tort claim under California law, see Notice of Amendments at 11–13, 25–28, and claims under the California Family Code, id. at 29–34, the Court lacks jurisdiction over these state law claims. To the extent that Austin attempts to incorporate a claim for "torture" under 18 U.S.C. § 2340A, that statute defines a criminal offense and does not provide a private right of action. In general, when generously construed, Austin's amended petition does not assert any valid private cause of action over which this Court has jurisdiction.