IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, SAN FRANCISCO SUPERIOR COURT, et al.,<br><br>    Defendants. | Case No. 20-cv-00900-CRB<br><br>**ORDER RE IN FORMA PAUPERIS STATUS** |

On January 6, 2021, the Court dismissed Gregory Austin's petition for a writ of habeas corpus under 28 U.S.C. § 2254 for lack of subject matter jurisdiction and noted that Austin's petition was untimely. See Order Dismissing Pet. with Prejudice (dkt. 34). Austin filed a Notice of Appeal on February 1, 2021. See Notice of Appeal (dkt. 36). On February 3, 2021, the Ninth Circuit referred Austin's appeal to the Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." See Referral Notice, Ninth Circuit Case No. 21-15191 (dkt. 2). As the referral notice explains, revocation of in forma pauperis status is "appropriate" when the district court "finds the appeal to be frivolous." Id. (citing Hooker v. American Airlines 302 F.3d 1091, 1092 (9th Cir. 2002)).

The Court finds that Austin's appeal is frivolous. To the extent that Austin's amended petition is comprehensible, it rests partly on the argument that he is "in custody" because a domestic violence restraining order forbids him from being within 100 yards of his ex-wife. See Amended Pet. (dkt. 31); Restraining Order (dkt. 31-1). Austin also argues that "the entire California state constabulary" is his "custodial keeper." Amended

Pet. at 4.  Austin's additional arguments are equally without basis in law or reality.  For example, he asserts that his restraining order constitutes "torture," and that this torture is intended both to (1) "cover up" a "racketeering" scheme within California's family court system, and (2) further "the overall goal of political Marxism through . . . domestic terrorism."  Id. at 14.  Austin's other arguments proceed along similar lines, culminating with a series of "pertinent philosophical quotes" including (without explanation) Nazi propaganda minister Joseph Goebbels' suggestion to "[a]ccuse the other side of that which you are guilty."  Id. at 44.

The Court thus concludes that Austin's appeal, like his petition, is entirely frivolous.  See Hooker, 302 F.3d at 1092; 28 U.S.C. § 1915(a)(3).  The Court hereby revokes Austin's in forma pauperis status for Austin's appeal.  Consistent with the Referral Notice, the Clerk is directed to notify the Ninth Circuit Clerk of Court and the parties.  See Referral Notice.

**IT IS SO ORDERED.**

Dated: February 4, 2021

CHARLES R. BREYER
United States District Judge

2